PLYMOUTH COUNTY v. E. KERSEBOM et al., Appellants.

**County Treasurer's Bond:** LIABILITY OF SURETIES: *Expiration of term.* Sureties on a county treasurer's bond, conditioned that their principal will properly pay over to the person entitled all money which may come into his hands by virtue of his office, and account for all balances remaining in his possession at the termination of his office, are liable for his defalcation after the expiration of his term of office, and before his successor qualifies, since the bond requires the payment of the money to some one authorized to receive it, and, that not being done, the sureties continued liable.

*Appeal from Sioux District Court.*—HON. WILLIAM HUTCH-
INSON, Judge.

THURSDAY, MAY 11, 1899.

ACTION at law to recover of E. Kersebom, late treasurer
of Plymouth county, and the sureties on his official bond, an
amount which Kersebom is alleged to have received as treas-
urer, and for which he has not accounted.  There was a trial,
and a verdict for the plaintiff by direction of the court.
From the judgment rendered on the verdict the defendants
appeal.—*Affirmed.*

*P. Farrell, McDuffie & Keenan,* and *Sammis & Scott* for
appellants.

*John Adams* and *Ira T. Martin* for appellee.

ROBINSON, C. J.—The defendant Kersebom was elected
and qualified as treasurer of the plaintiff for the term which
commenced in January, 1894, and served as treasurer during
the full term.  At the general election held in the year 1895
he was re-elected, but failed to qualify for the second term.
The law at that time in force required him to qualify by the
first Monday of January, 1896, which was the sixth day of the
month, and provided that a failure to so qualify should be
deemed a refusal to serve.  Code 1873, sections 685, 686.
Kersebom continued to act as treasurer, however, until the
twenty-first day of January, when he absconded.  It is shown
by uncontradicted evidence that on the twenty-third day of
January, when possession of the treasurer's office was taken
by the county auditor, the records of the office showed that
Kersebom had received nearly seventeen thousand dollars
more than he had accounted for, and of that amount thirteen
thousand one hundred and fifty-eight dollars and ninety-eight
cents were collected prior to the close of business on the sixth
day of January.  The verdict and judgment were for the

sum last mentioned, and interest. The appellants contend that Kersebom's first term of office expired on the sixth day of January, 1896, that thereafter he was merely an officer *de facto,* and the sureties on his official bond are only liable for money collected by him and misappropriated during the term of office covered by the bond, that the evidence fails to show that any of the funds in controversy were taken during Kersebom's term of office, and therefore that it was not shown that the sureties are liable. It is said that the failure of Kersebom to qualify anew before the seventh day of January created a vacancy in his office, and that possession of it should then have been taken by the county auditor, as required by section 788 of the Code of 1873; that it will be presumed that the funds for which he was responsible were in his possession at the end of his term, and that the failure of the board of supervisors to prevent his acting as treasurer after the end of his first term, before he had qualified for the second, and the failure of the county auditor to take possession of the office as required by law, would not have the effect to make the sureties liable for wrongs committed after the expiration of the first term. The argument thus made is ingenious, but does not, we think, fully meet the case presented. The conditions of the bond of Kersebom, as signed by the sureties, were that he should, as treasurer, "render a true account of his office and doings therein to the proper authorities, when required thereby or by law;" that he should "properly pay over to the persons or officers entitled thereto all money which may come into his hands by virtue of his office, and shall promptly account for all balances of money remaining in his hands at the termination of his said office, and shall hereafter exercise all reasonable diligence and care in the preservation and lawful disposal of all moneys, books, papers, and securities and other property appertaining to his said office, and deliver them to his successor, or to any other person authorized to receive the same;" and that he should "faithfully and impartially, without fear or favor, fraud or oppression, dis-

charge all the duties now or hereafter required of his office by law." Those conditions, so far as they are involved in this case, could only have been fulfilled by the payment to the successor of Kersebom, or to some other officer or person entitled thereto, of the money in controversy. It cannot be said that he paid the money to his successor by retaining it after his right to act as treasurer was at an end, even though he continued to so act. *Wapello County v. Bingham,* 10 Iowa, 39. It will not be claimed that he could have discharged the obligation of the bond by paying the money, after the termination of his office, to another, who had assumed, without any right whatever, to act as treasurer, and yet the case, as presented by the appellants, does not differ in principle from the one suggested; and, if it be true that Kersebom had all of the money in question in his possession until the close of the sixth day of January, that fact would not relieve his sureties from liability, even though he had the money in his possession on the following day, when he acted as treasurer without right. The conditions of the bond required the payment of the money in question to some one authorized to receive it, and, since that has not been done, the sureties continue to be liable on the bond. Since there was no dispute in regard to the material facts involved in this case, the district court properly directed a verdict for the plaintiff, and its judgment is AFFIRMED.